IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN I. CAMMILE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-480-SLR |
| | ) |
| PERRY PHELPS, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of February, 2011;

IT IS ORDERED that petitioner Brian I. Cammile's "motion for discovery pursuant to Rule 6, 28 U.S.C. foll. § 2254" (D.I. 14) is **DENIED** for the reasons that follow:

1. Petitioner requests the production of the following documents "to substantiate his allegations concerning the constitutional violations that took place throughout [his] criminal proceedings": (a) Donald Cole's docket sheet from 1995-96; (b) any and all documentation obtained by the investigator concerning the Pat Brown case; (c) a copy of petitioner's 1995-96 medical file from the Ferris School, including a list of medications; (d) a copy of petitioner's 1996 release paperwork from the Ferris School, along with a copy of the legal visitation log; (e) a copy of petitioner's arrest report from the Wilmington Police Department; and (f) a copy of the transcript for petitioner's bail hearing and all paperwork from Ted's Bail Bondsmen for August 1995.

2. After reviewing the record provided, the court concludes that there is no "good cause" to grant the motion at this time. See Rule 6(a)(b), 28 U.S.C. foll. § 2254;

*Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994)(a petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim."). Petitioner's requests represent the type of fishing expedition prohibited by the Third Circuit. *See Deputy*, 19 F.3d at 1493.

IT IS FURTHER ORDERED THAT petitioner Brian I. Cammile's motion for representation by counsel (D.I. 14) is **DENIED** without prejudice to renew. Petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding,[1] and he has failed to demonstrate that the "interests of justice" require representation by counsel at this point in time. *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

UNITED STATES DISTRICT JUDGE

---

[1] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).