IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN I. CAMMILE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 10-480-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

Brian I. Cammile. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## AMENDED MEMORANDUM OPINION**

June 10, 2014
Wilmington, Delaware

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Brian I. Cammile's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. PROCEDURAL BACKGROUND

In December 1995, a New Castle County grand jury indicted petitioner and charged him with attempted second degree robbery. (D.I. 15 at 1) The same grand jury issued two additional indictments against petitioner: one for second degree burglary and related offenses, and another for first degree assault and related offenses. *Id.* On September 3, 1996, petitioner pled guilty to one count of attempted second degree robbery. The Superior Court sentenced him on January 10, 1997 to four years of imprisonment (with credit for 411 days), suspended immediately for four years at Level IV home confinement, suspended in turn after six months for decreasing levels of supervision. *Id.* Petitioner did not appeal his conviction or sentence. In August 2000, petitioner was discharged from the probationary term related to his 1996 conviction. *Id.* at 2.

In 2005, three separate indictments were issued, charging petitioner with multiple counts of burglary, conspiracy, unlawful use of a credit card, and theft. *Id.* at 2. In February 2006, petitioner entered a plea of nolo contendere to two counts of second degree burglary, two counts of second degree conspiracy, one count of theft over $1000, and one count of unlawful use of a credit card over $1000. *State v. Cammile*,

2007 WL 2446836, at *1 (Del. Super. Ct. Aug. 15, 2007). As part of his plea agreement, petitioner admitted that he was eligible for habitual offender sentencing; petitioner's conviction in 1996 for second degree robbery was one of the predicate offenses establishing his habitual offender status. (D.I. 15 at 2) The Superior Court sentenced petitioner to twenty-four years of incarceration, suspended after sixteen years for a period of probation. Petitioner did not appeal his 2006 convictions or sentences. *Id.*

On July 26, 2006, petitioner filed a motion for modification of sentence in connection with his 2006 convictions, which the Superior Court denied on September 7, 2006. (D.I. 22, Del. Super. Ct. Dkt. for Crim. A. Nos. IN05041434, IN05041437, IN05042136) Nothing in the record indicates that petitioner appealed that decision.

Thereafter, on May 21, 2007, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") in connection with his 2006 convictions. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on April 30, 2008. *See Cammile*, 2007 WL 2446836 at *1; *Cammile v. State*, 947 A.2d 1120 (Table), 2008 WL 1887285 (Del. Apr. 30, 2008).

Petitioner filed a motion for modification of sentence on August 20, 2009, and then a motion to correct sentence on September 29, 2009. Both of these motions concerned petitioner's 2006 sentences. The Superior Court denied the motions on October 28, 2009, and it appears that he did not appeal that decision. (D.I. 23, Del. Super. Ct. Dkt. Crim. A. Nos. IN05070328R1 & IN05070058R1, Entry Nos. 30, 32, 33).

2

Petitioner filed a petition for writ of habeas corpus on December 28, 2009, which the Superior Court denied on December 29, 2009. (D.I. 23, Del. Super. Ct. Dkt. Crim. A. Nos. IN05070328R1 & IN05070058R1, Entry Nos. 34, 35) The Delaware Supreme Court affirmed that decision on January 6, 2010. *Id.* at Entry No. 38. Petitioner filed another petition for writ of habeas corpus on January 26, 2010, which the Superior Court denied on January 28, 2010. *Id.* at Nos. 36, 37. Although petitioner filed these two habeas petitions in the Superior Court proceeding concerning his 2006 convictions, the grounds asserted therein related to his 1996 guilty plea. *See Cammile v. State*, 996 A.2d 793 (Table), 2010 WL 2163842 (Del. May 19, 2010).

Petitioner's pending § 2254 application, docketed in 2010, asserts the following grounds for relief: (1) the Superior Court denied him "corrective due process" by summarily dismissing his state habeas petition; (2) his 2006 sentence and conviction are unconstitutional because the Superior Court improperly used his tainted 1996 conviction to enhance his sentence; and (3) counsel rendered ineffective assistance during the 2006 plea process. (D.I. 1) The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, as procedurally barred. (D.I. 15)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

3

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated May 26, 2010, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on May 12, 2006, and petitioner did not appeal that decision. In these circumstances, petitioner's conviction became final on June 12, 2006, the date on which the thirty-day appeal

period expired.¹ *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty day period for timely filing a notice of appeal).

Applying the one-year limitations period to that date, petitioner had until June 12, 2007 to timely file his application. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant application on May 26, 2010,² almost three full years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d

---

¹The thirty day appellate period actually ended on June 11, 2006, which was a Sunday. Therefore, the time to appeal extended through the end of the day on Monday, June 12, 2006. *See* Del. Sup. Ct. R. 11(a).

²Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts May 26, 2010 as the date of filing because that is the date on petitioner's application.

5

417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

In this case, the limitations clock ran for forty-three days until petitioner filed his motion for modification of sentence on July 26, 2006. The Superior Court denied the motion on September 7, 2006, and petitioner did not appeal that decision. Therefore, petitioner's motion for modification of sentence tolled the limitations period from July 26, 2006 through October 9, 2006,[3] the date on which the thirty-day appeal period expired.

The limitations clock started to run again on October 10, 2006, and ran for 223 days until petitioner filed his Rule 61 motion on May 21, 2007. The Rule 61 motion tolled the limitations period from May 21, 2007 through April 30, 2008, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. The limitations clock started to run again on May 1, 2008, and ran the remaining ninety-nine days of the limitations period without interruption until the filing deadline expired on August 8, 2008.

Petitioner also filed a motion for modification of sentence on August 8, 2009, a motion to correct sentence on September 29, 2009, a petition for a writ of habeas corpus on December 28, 2009, and another petition for a writ of habeas corpus on January 26, 2010. However, none of these motions/petitions have any statutory tolling effect, because they were filed well after the expiration of the limitations period.[4]

---

[3]The appeal period actually expired on October 7, 2006, which was a Saturday. Therefore, the time to appeal was extended through Monday, October 9, 2006. See Del. Sup. Ct. R. 11.

[4]Another reason why the two petitions for writ of habeas corpus have no statutory tolling effect is that they challenged petitioner's 1996 conviction, not the 2006

6

Therefore, even after accounting for the applicable statutory tolling, petitioner's filing of his habeas application on May 26, 2010 was too late. Accordingly, the application is time-barred unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. Id.; Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. See Holland, 130 S.Ct. at 2555-2565. An "egregious error" includes instances where an

---

conviction being challenged in this case. See Sweger v. Chesney, 294 F.3d 506, 518 (3d Cir. 2002)(a properly filed state post-conviction motion only tolls the federal habeas limitations period under § 2244(d)(2) if \*\*that motion attacks the same judgment as that being challenged in the habeas petition).\*\*

7

attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). However, in order for a petitioner to "obtain relief [through equitable tolling], there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal [application]." *Ross v. Varano*, 712 F.3d 784, (Del. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

In this case, petitioner asserts that the limitations period should be equitably tolled because defense counsel failed to accommodate petitioner's request to file a direct appeal from his 2006 conviction on his behalf. (D.I. 18 at 4-11) Significantly, there is nothing in the record supporting petitioner's contention that he specifically asked counsel to file a direct appeal. There is also nothing to suggest or indicate that counsel affirmatively misled petitioner about filing a direct appeal. Consequently, the court cannot conclude that counsel's conduct was so egregious as to constitute an extraordinary circumstance for equitable tolling purposes.

---

[5] *See Velazquez v. Grace*, 277 Fed. App'x 258 (3d Cir. 2008).

Moreover, even if the court were to assume that counsel's failure to file a direct appeal constitutes an extraordinary circumstance, equitable tolling is unavailable because petitioner has failed to demonstrate that he exercised the requisite reasonable diligence to support finding a causal relationship between counsel's inaction and the lateness of the instant habeas application. Petitioner does not allege that he made diligent efforts to inquire about the status of the direct appeal he allegedly asked counsel to file, and there is nothing in the record indicating that petitioner communicated with defense counsel or with the Delaware Supreme Court concerning the status of any alleged direct appeal. Additionally, when denying petitioner's Rule 61 motion on August 15, 2007, the Superior Court stated that the "record does not indicate that [petitioner] has ever directly appealed his conviction [ ]." *Cammile*, 2007 WL 2446836, at *1. Armed with this knowledge, and exercising reasonable diligence, petitioner still could have timely filed his federal habeas application once the statutory tolling from his Rule 61 motion ended. However, petitioner waited almost three full years after the Superior Court's denial of his Rule 61 motion, and more than two full years after the Delaware Supreme Court's affirmance of that decision, to file his federal habeas application in May 2010. In short, petitioner's failure to exercise reasonable diligence after learning that no direct appeal had been filed on his behalf broke any alleged link between counsel's inaction and petitioner's late filing.

And finally, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

9

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus

---

[6]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.